UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00293 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ANGELA S. LAFONTA | MAG. JUDGE KAREN HAYES |

RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by *pro se* Petitioner Angela S. LaFonta ("LaFonta") [Doc. No. 102]. For reasons stated below, the motion is DENIED.

I.  BACKGROUND

The Indictment against LaFonta was filed in the Western District of Louisiana on September 24, 2010 [Doc. No. 1], charging her with twelve counts of making a false or fraudulent claim to a department or agency of the United States in violation of 18 U.S.C. § 287. LaFonta was accused of making false claims to the United States Department of Health and Human Services through its Child Care Assistance Program ("CCAP"). The CCAP was administered by the Louisiana Department of Social Services, Office of Family Support (now known as the Office of Children and Family Services). The CCAP provides financial assistance to parents who are working or attending school or training by providing payments for eligible child care providers, including Class A day care centers.

LaFonta owned and operated two Class A day care centers: Tinkerbelle's Day Care in Winnsboro, Louisiana, and Tinkerbelle's Day Care #2 in Rayville, Louisiana. As part of their

agreement with the Louisiana Department of Social Services, Class A day care providers must keep a daily attendance record for each child participating in CCAP, which includes arrival and departure times. To receive payment from the Office of Family Support, each provider must submit a provider invoice each month that includes the number of days or hours that each child attended and the days or hours each child was absent.

In each of the counts against her, LaFonta was alleged to have knowingly made and presented to the Office of Family Support false claims for reimbursement for services allegedly provided in twelve different months: October 2006, November 2006, March 2007, April 2007, June 2007, July 2007, August 2007, November 2007, December 2007, September 2008, December 2008, and January 2009. The Government accused LaFonta of knowingly submitting false invoices claiming reimbursement for day care services for certain specified children, knowing that the children were not cared for at the day care center and knowing that the claims were false because they listed inflated and inaccurate attendance hours for these children.

A jury trial was held on September 20-23, 2011, during which LaFonta was represented by counsel, Charles Kincade. On the second day of trial, counsel moved on LaFonta's behalf for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. After considering argument by counsel, the Court denied the motion.

On September 23, 2011, the jury convicted LaFonta on Counts 9, 11, and 12, but found her not guilty of the remaining counts.

On September 29, 2011, LaFonta, through counsel, filed a post-conviction Motion for Judgment of Acquittal [Doc. No. 54]. On October 4, 2011, the Government filed a Response to Defendant's Motion for Judgment of Acquittal [Doc. No. 55]. The Court denied that motion on

October 17, 2011. [Doc. Nos. 56 & 57].

On January 18, 2012, a sentencing hearing was held. The Court adopted the Pre-Sentence Report in part, determining that restitution should be lowered from $130,000, to the actual loss of $16,404.99. The Court sentenced LaFonta within the recommended Guideline range to a prison term of 55 months on each count, to run concurrently. [Doc. No. 66]. She was further sentenced to serve a term of supervised release of 3 years. [Doc. No. 66].

On January 30, 2012, LaFonta timely appealed her conviction and sentence to the United States Court of Appeals for the Fifth Circuit. [Doc. No. 69].[1] On appeal, through counsel, LaFonta challenged her conviction on the basis that the Government failed to provide sufficient evidence to prove that she had the requisite criminal intent. She further challenged the sentence imposed, arguing that the Court improperly (1) calculated the amount of loss, (2) imposed a two-level obstruction of justice enhancement, (3) imposed an offense level increase based on a finding that she was the leader of a criminal activity involving at least five persons, and (4) imposed a two-level increase for abuse of a position of public or private trust.

On July 22, 2013, the Fifth Circuit rejected LaFonta's arguments and affirmed her conviction and sentence. [Doc. No. 96]. With regard to her challenge of the sufficiency of the evidence, the Fifth Circuit found that a rational trier of fact could conclude that Petitioner intended to defraud the Government when there were "obvious discrepancies between the attendance records and invoices from LaFonta's day care facilities over which LaFonta was

---

[1]Although she was represented, LaFonta filed a notice of appeal, *pro se*, on the same day her counsel filed a motion for extension of time to file a notice of appeal. She filed a second notice of appeal a day later on January 31, 2012. [Doc. No. 71]. Thus, the Court denied the motion for extension of time as moot. [Doc. No. 72].

solely responsible and the testimony establish[ed] that LaFonta instructed employees to falsify records." [Doc. No. 96, p. 2]. To the extent that LaFonta argued that her testimony conflicted with other witnesses, the Fifth Circuit pointed out that credibility determinations are resolved in favor of upholding the verdict. *Id.* As to the sentencing issues, the Fifth Circuit found no error in the Court's calculation of loss and application of the challenged enhancements.

On July 24, 2013, LaFonta placed a "Motion to Dismiss My Court Appointed Attorney" [Doc. No. 92] in the prison mailing system. The Court granted her motion on July 31, 2013. [Doc. No. 93].

Acting *pro se*, LaFonta filed a petition for writ of certiorari to the United States Supreme Court. That petition was denied on January 13, 2014. [Doc. No. 101].

On June 2, 2014, LaFonta timely filed the instant § 2255 motion [Doc. No. 102]. She asserts the following grounds for relief: (1) her sentence was unreasonable because the loss amount was improperly calculated; (2) the Court improperly applied a sentencing enhancement for abuse of a position of trust; (3) the Court improperly applied a sentencing enhancement for obstruction of justice; (4) counsel provided ineffective assistance because he failed to present "evidence [in support of the Rule 29 motion] that LaFonta was not sole[l]y responsible for the reporting of attendance"; (5) counsel provided ineffective assistance because he failed to present material evidence at trial; (6) "exculpatory evidence"; (7) the Court lacked jurisdiction because LaFonta presented claims to a state agency, not a federal agency; (8) there was an alteration to the verdict form; (9) counsel provided ineffective assistance because he "failed to investigate, challenge, object to or argue the correct sentencing guidelines"; (10) counsel provided ineffective assistance because he failed to call several witnesses that were subpoenaed to testify; (11)

counsel provided ineffective assistance because he "assumed basically that Mrs. LaFonta knew she needed to be in court"; (12) the findings of the Fifth Circuit show that her trial attorney was ineffective; (13) counsel provided ineffective assistance on appeal because he failed to file a "rebuttal" to the Government's arguments on direct appeal; (14) counsel provided ineffective assistance because he failed to notice "plain error" by the probation officer; (15) the Supreme Court has twice established that any facts not appearing in the Indictment or admitted by the accused cannot be used as "sentencing factor[s]"; (16) the method of calculating loss was "legally insufficient"; (17) the Court improperly sentenced LaFonta based on a loss of $130,000 instead of the restitution amount of $16,404; and (18) the Court improperly applied a sentencing enhancement based on her role in the offense. [Doc. No. 102, pp. 5-13].

## II.  LAW AND ANALYSIS

Section 2255 is a "post-conviction remedy to test the legality of [a federal prisoner's] detention." *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir.2004) (quoting *Kuhn v. United States*, 432 F.2d 82, 83 (5th Cir.1970)). To obtain collateral relief pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a § 2255 motion. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992); *see also United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001) (defendant is barred from raising claims in his § 2255 motion that he failed to raise on direct appeal unless he shows cause for the omission and prejudice resulting therefrom). Further, claims that were "raised and rejected" on direct appeal are "barred from collateral review." *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997). A petitioner

cannot avoid this rule of law by attempting to re-couch his claims for a favorable result on collateral review.

On the other hand, claims of ineffective assistance of counsel may be raised for the first time in a § 2255 proceeding. *See Masuro v. United States*, 538 U.S. 500, 509 (2003). Under the test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must establish that her attorney's actions were objectively unreasonable and that the unreasonable actions caused her prejudice. Failure to prove either prong of the test "is fatal to an ineffective assistance claim." *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997).

In this case, claims 1, 2, 3, 7, 8[2], 15, 16, 17, and 18 were either raised by LaFonta on direct appeal or could have been raised on direct appeal. For those sentencing issues not raised on direct appeal, Lafonta has failed to show cause or prejudice for her failure to do so. Moreover, given the Fifth Circuit's opinion, the claims lack merit.

While LaFonta's ineffective assistance of counsel claims are properly asserted in a § 2255 motion, the Fifth Circuit found no error in the Court's application of the Guideline determinations and further found that her conviction was properly supported by the evidence. Therefore, LaFonta could not establish that her counsel was ineffective for failing to raise meritless arguments. Specifically, LaFonta has no basis to support her claims 4, 9, 13, and 14.

Finally, the Court also finds that no basis for relief as to claims 5, 6, 8, 10, 11, and 12. In claim 5, LaFonta argues that her counsel provided ineffective assistance because he failed to

---

[2] LaFonta appears to attack the validity of the verdict form and also argue that her counsel was ineffective for failing to object to the altered verdict form. To the extent that she raises a claim about the validity of the verdict form, she should have done so on appeal. The ineffective assistance claim will be addressed below.

present material evidence at trial. She explains further that her counsel was ineffective because he refused to introduce into evidence a sign that she claims was posted at the daycare and a petition signed by individuals asserting her innocence. However, LaFonta's former employees, Sharon James, Laura Holiday, and Annie Henderson, described the sign during their testimony as stating that fraud would not be tolerated. Thus, the jury was aware of and presumably considered this evidence during deliberation. The petition would have been inadmissible hearsay. Therefore, LaFonta cannot establish counsel was ineffective when he did, in fact, introduce evidence about the sign and when he would not have been successful if he had attempted to introduce the petition.

When regard to claim 6, LaFonta argues that counsel was ineffective for "failing to collect potentially exculpatory evidence" which would have shown that she did not commit perjury. [Doc. No. 102, p. 8]. Her argument is less than clear, but it appears that she is relying on "sign in sheets for the month of September[, 2008]." *Id.* This evidence was not newly discovered, but already available to LaFonta because they were her sign in sheets. Further, she has failed to explain how counsel's failure to use the sign in sheets caused her prejudice, i.e., the introduction of the sign in sheets would have made difference at trial or sentencing. In fact, LaFonta was found not guilty of Count 10, which related to the service month of September, 2008.

In claim 8, LaFonta apparently contends that her trial counsel was ineffective for failing to object to an alteration to the verdict form. Although there were noted changes on the verdict form, the jury foreperson initialed the changes. More importantly, following the reading of the verdict, the Court polled the jury as a group and individually as to whether the verdict was

accurate. As a group and individually, the jury members confirmed in open court that the verdict, as read, was the verdict they rendered. Thus, counsel had no reason to object, and this claim does not state a basis under § 2255 either.

In claim 10, LaFonta contends that her counsel provided ineffective assistance because he failed to call several witnesses that were subpoenaed to testify.[3] However, to prevail on this type of claim, a petitioner must show that "the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable." *Gregory v. Thaler*, 601 F.3d 347 (5th Cir. 2010) (citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)). LaFonta asserts only that "Latoya Lawrence . . . could have corroborated" her testimony. [Doc. No. 102, p. 10]. In her reply memorandum, LaFonta adds that other witnesses would also have been favorable and credible. [Doc. No. 106, p. 8]. However, these conclusory statements and arguments are insufficient to meet the standard, and this claim must fail as well.

In claim 11, LaFonta argues that counsel provided ineffective assistance because he "assumed basically that Mrs. LaFonta knew she needed to be in court." [Doc. No. 102, p. 10]. LaFonta apparently refers to counsel's argument at sentencing that some of LaFonta's actions might have a benign explanation. As an example, he pointed out that LaFonta failed to appear at an earlier hearing because there was a miscommunication between the two of them. It is incomprehensible how LaFonta believes that counsel's attempt to argue against the application of

---

[3]LaFonta argues that her counsel was ineffective for failing to "Cross-Examine" witnesses, but then refers to witnesses he should have called to testify. Normally, of course, a party examines, rather than cross examines, her own witnesses. It appears that LaFonta has misstated her claim here and is arguing that counsel failed to call witnesses on her behalf.

an enhancement to her sentence is ineffective assistance of counsel. This claim is also meritless.

In claim 12, LaFonta points to an order from the Fifth Circuit requiring counsel to file a proper brief as evidence of his ineffectiveness. While the initial brief was deemed deficient, counsel corrected the deficiency and submitted a compliant brief. This claim, too, is insufficient to support motion under § 2255.

## III. CONCLUSION

For the foregoing reasons, LaFonta's motion [Doc. No. 102] under 28 U.S.C. § 2255 is DENIED.

MONROE, LOUISIANA, this 25th day of August, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE